IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PAUL REHBERGER, )
 )
    Plaintiff, )
 ) NO: 3:11-0085
    v. ) Judge Sharp/Bryant
 ) **Jury Demand**
HONEYWELL INTERNATIONAL, INC., )
 )
    Defendant. )

### MEMORANDUM AND ORDER

Defendant Honeywell International, Inc. has filed its motion to compel further responses to ten requests for admission served upon plaintiff (Docket Entry No. 57). Specifically, defendant argues that plaintiff's responses to requests for admission numbers 8 - 15 and 36 - 37 are insufficient and that supplemental responses to these requests should be ordered.

Plaintiff has filed its response in opposition (Docket Entry No. 64).

For the reasons stated below, the undersigned Magistrate Judge finds that defendant's motion to compel should be **GRANTED** and that plaintiff should supplement his responses to these requests.

### Analysis

Requests for admission numbers 8 - 15. Requests numbers 8 through 15 request that plaintiff Rehberger admit that no medical doctor or healthcare provider has diagnosed plaintiff nor plaintiff's family members as having a condition caused by exposure to indoor ozone, or has identified ozone as a cause of any

condition or symptom reported by plaintiff or his family members. Plaintiff has objected to these requests on the grounds that they are not relevant to plaintiff's claims, because plaintiff does not seek recovery for any personal injuries sustained by himself or by members of his family. Instead, plaintiff apparently seeks economic damages allegedly resulting from defendant's "misrepresentations in the sales and marketing of Honeywell's electronic air cleaners and in Honeywell's failure to honor its warranties associated with those products." In addition, plaintiff Rehberger argues in his motion papers that he should not be obligated to inquire into the medical history of his wife, daughters and son, all of whom are of majority age and not parties to this lawsuit. Moreover, plaintiff argues that he should not be required to respond to requests for admissions dealing with his own medical history "until and unless he has had an opportunity to review his own medical records." (Docket Entry No. 64 at 4). In conclusion, plaintiff also argues that he has provided signed releases of medical information to counsel for defendant, and that his medical records and those of his family members may be obtained by defendant directly from healthcare providers.

Rule 36(a)(4) of the Federal Rules of Civil Procedure require that a response to a request for admission fairly respond to the substance of the matter, and that a party may assert lack of knowledge or information as a reason for failing to admit or deny

a request "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

Despite the fact that plaintiff's complaint does not explicitly seek damages for personal injury to himself or his family members, the complaint contains multiple allegations that plaintiff and his family members suffered sinus and upper respiratory conditions that plaintiff, at least by implication, attributes to "the negative health effects associated with ozone gas" and "the dangers of indoor ozone pollution." (Docket Entry No. 1 at 7). The undersigned Magistrate Judge finds that these factual allegations render discovery of any arguably ozone-related health conditions experienced by plaintiff or his family members potentially relevant and permissible. Plaintiff shall serve supplemental responses that fairly respond to the substance of these requests based upon knowledge or information known to plaintiff following a reasonable inquiry. Plaintiff shall not be required to obtain and review the medical records of his family members, but his responses shall reflect pertinent information known to plaintiff regarding his family's health.

Requests 36 and 37. These two requests seek to have plaintiff admit that he did not review certain Honeywell manuals until after he purchased his model F50F air cleaner. Plaintiff objects to these two requests on the ground that the meaning of the

word "purchased" is vague and ambiguous because under New Jersey law plaintiff had the right to return the subject air cleaner until he installed the unit in his home.

According to Webster's Third New International Dictionary (unabridged), the word "purchase" means "to obtain by paying money or its equivalent." It is clear from plaintiff's motion papers that plaintiff apparently reviewed the subject manuals after he had obtained the subject Honeywell air cleaner and during the process of installing the unit. (Docket Entry No. 64 at 5). The undersigned Magistrate Judge finds that plaintiff's objection based upon vagueness of the word "purchase" lacks merit and should be overruled. If plaintiff wishes to qualify his response by including the information concerning his right to return the product, he is free to do so. Plaintiff's objections to requests 36 and 37 are **OVERRULED**, and he shall file supplemental responses to these two requests consistent with this memorandum.

For the reasons stated above, defendant's motion to compel supplemental responses to requests for admission numbers 8 through 15 and 36 and 37 are **GRANTED.** Plaintiff shall serve supplemental responses to these requests within ten days of the entry of this memorandum and order.

It is so **ORDERED.**

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge