IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PAUL REHBERGER,                )
                               )
    Plaintiff,                 )
                               )   NO: 3:11-0085
        v.                     )   Judge Sharp/Bryant
                               )   **Jury Demand**
HONEYWELL INTERNATIONAL, INC., )
                               )
    Defendant.                 )

## MEMORANDUM AND ORDER

Plaintiff has filed his motion to compel defendant to serve supplemental responses to certain requests for admissions (Docket Entry No. 66). Specifically, plaintiff argues that the Court should deem requests number 4, 5, 39, 40, 41 and 42 admitted or, alternatively, require defendant Honeywell International, Inc. to serve supplemental responses to these six requests.

Defendant Honeywell has responded in opposition (Docket Entry No. 77).

For the reasons stated below, the undersigned Magistrate Judge finds that plaintiff's motion to compel should be **DENIED**.

In these six requests for admission, plaintiff seeks to interpret and characterize certain information found in documents apparently produced by defendant Honeywell during discovery. Requests 4 and 5 relate to an email and accompanying report by Chuck Bartlett, a Honeywell engineer, regarding a 2004 study relating to ozone production by the Honeywell model F50F electronic air cleaner and a competitive model. Apparently, Mr. Bartlett's

email and the report accompanying the email describe certain findings obtained during this study. Requests 4 and 5, rather than merely seeking an admission of the authenticity of the subject email and report, include what amounts to plaintiff's interpretation or characterization of the reported study results. Honeywell, in response, objects to the terminology of the requests and then, subject to such objections, denies the substance of these two requests.

Plaintiff in his motion argues that Honeywell's responses are clearly insufficient and that the Court should deem these two requests admitted despite Honeywell's denials. As grounds for this argument, plaintiff states: "In short, this document [the Bartlett email and report] without doubt establishes that Honeywell has knowledge of at least one test result where a Honeywell F50 generated an amount of ozone above 10 ppb and 20 ppb." (Docket Entry No. 67 at 4).

Requests 39 – 42 similarly seek to impose plaintiff's interpretation or characterization upon certain documents apparently produced by Honeywell in discovery. These requests seek to have Honeywell admit that it received complaints from customers about experiencing "adverse health effects," a term defined by plaintiff, which the customers attributed to ozone produced by Honeywell electronic air cleaners. In his motion papers, plaintiff includes what appear to be excerpted reports of telephone

2

complaints received by Honeywell and apparently maintained in Honeywell's call database (Docket Entry No. 67 at 6 through 8).

Honeywell has objected to these requests on the grounds that they are not relevant because records of customer complaints are inadmissible, unsubstantiated hearsay lacking scientific reliability necessary to link such complaints causally to ozone.

The undersigned Magistrate Judge finds that defendant Honeywell's objections to these requests have merit and that plaintiff's motion to compel should be **DENIED**. The Court is persuaded that the best evidence of what both the Bartlett documents and the customer complaints say and mean are the documents themselves rather than either parties's attempts to interpret or characterize them. Plaintiff may seek an admission that these documents are authentic records maintained by defendant Honeywell, may seek to have them admitted into evidence at trial and, if they are admitted, may argue to the jury what these documents properly mean and what conclusions should be drawn from them. However, the undersigned Magistrate Judge finds that the six requests for admission at issue improperly seek to impose plaintiff's interpretation or characterization on the documents themselves and that Honeywell's objections have merit.

For the reasons stated in this memorandum, the undersigned Magistrate Judge **DENIES** plaintiff's motion to deem

these requests admitted or, in the alternative, to require supplemental responses.

It is so **ORDERED**.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge