**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **PAUL REHBERGER, individually and** | ) | |
| **on behalf of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:11-00085** |
| | ) | **Judge Sharp** |
| **HONEYWELL INTERNATIONAL,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM**

Pending before the Court is "Honeywell's Rule 12 Motion to Dismiss and to Recondisder [sic]

Plaintiff's Claim for Violation of the Magnuson- Moss Warranty Act" (Docket No. 100),[1] and that

Motion has been fully briefed by the parties (Docket Nos. 101-103). For the following reasons, the

Motion will be granted, and Plaintiff's Magnuson-Moss claim, as set forth in Count Five of the First

Amended Complaint (Docket No. 88), will be dismissed.

**I. DISCUSSION**

This litigation revolves around Plaintiff's purchase of Honeywell's F50F whole-house air

cleaner, which he installed in his home in 2004. Plaintiff alleges that he discovered a defect in the

F50F in April 2010 in that the air cleaner produces far more ozone than advertized. In November

---

[1] Plaintiff has also filed a "Motion to Strike" Defendant's Reply (Docket No. 104) because Defendant did not seek leave of Court as required by Local Rule 7.01(b). However, pursuant to the undersigned's Practice and Procedure Manual, the filing of reply briefs are "optional," and leave of Court is not necessary in order to file replies in cases assigned to the undersigned. That said, and for Defendant's future benefit, "replies are restricted to five (5) pages, absent unusual circumstances." PRACTICE AND PROCEDURE MANUAL (JUDGE KEVIN H. SHARP) at 5.

2010, approximately six or seven months after the discovery, Plaintiff filed suit alleging a host of claims, including a claim for violation of the Magnuson-Moss Warranty Act ("Magnuson-Moss" or "MMWA"), 15 U.S.C. § 2301 *et seq.*

On February 28, 2011, Judge Trauger issued an Order (Docket No. 42), dismissing Plaintiff's claims for breach of implied and breach of express warranties, but denying Defendant's request that Plaintiff's Magnuson-Moss claim also be dismissed.  In an accompanying Memorandum, Judge Trauger explained the reasons for allowing the Magnuson Moss claim to go forward, writing:

> . . . Section 2310 of the MMWA permits "a consumer who is damaged by the failure of a . . . warrantor . . . to comply with . . . a written warranty" to bring a suit for damages.  15 U.S.C. § 2310(d)(1).  The statute contains two alternative definitions for "written warranty":
>
>> (A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or
>>
>> (B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking, **which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.**
>
> Id. § 2301(6).
>
> The first definition, which applies to the warranty in the F50F owner's guide, does not require that the warranty be "part of the basis of the bargain" between the seller and the buyer. Because this definition is broader than the definition of "express warranty" under New Jersey law, compare id. with N.J. Stat. Ann. § 12A:2-313(1)(a), the plaintiff's MMWA claim does not fail simply because his state-law express warranty claim fails.

The defendant also argues that the plaintiff has not alleged a manufacturing defect, which is covered by the written warranty, as opposed to a design defect. (Docket No. 13, Ex. 1 at 22.) Again, in <u>Bearden,</u> this court rejected that argument:

> [T]he central allegation in this case is that the F300 produces an excessive amount of ozone. The complaint does not foreclose the possibility that this overproduction is caused by some sort of persistent manufacturing defect. Although it is true that much of the complaint is premised on the allegation that the F300 is defectively designed, a plaintiff is allowed to plead claims in the alternative. <u>See</u>, Fed. R. Civ. P. 8(d)(2); <u>see</u> <u>also</u>, <u>Alin v. Am. Honda Motor Co.</u>, No. 08-4825, 2010 U.S. Dist. LEXIS 32584, at *17 (D.N.J. Mar. 31, 2010) ("At the pleading stage, where the distinction between defect in design and defect in materials or workmanship is a matter of semantics, and sufficient facts are alleged to assert both, the defendant's characterization of the nature of the claim pre-discovery should not control whether the complaint survives."). The exact nature of the alleged defects will become clearer after discovery.

<u>Bearden III</u>, 2010 U.S. Dist. LEXIS 83996, at *18-19.

> Accordingly, the court will not dismiss the plaintiff's individual MMWA claim.

(Docket No. 41 at 12-14) (footnote omitted, bold added).[2]

After Judge Trauger's ruling, Plaintiff filed an Amended Complaint which changed the date of purchase from sometime in 2005 to sometime in 2004, and which retained the Magnuson-Moss claim. Defendant again seeks to dismiss that claim.

Defendant raises a two-pronged argument: (1) Plaintiff's Magnuson-Moss claim is untimely under New Jersey law,[3] and (2) Judge Trauger erred in placing the bolded language in the above-excerpt with subparagraph (b), instead of placing it as a separate paragraph.

In response, Plaintiff argues that since all alleged warranties at issue relate to future

---

[2] The citation to <u>Bearden</u> is a reference to another case involving ozone emitted by Honeywell's F300 air cleaner. <u>Bearden v. Honeywell Int'l, Inc.</u>, Case No. 3:09-01035.

[3] Plaintiff is a resident of New Jersey, the air cleaner was purchased there, this case was originally filed in the United States District Court for the District of New Jersey, and the parties rely on New Jersey law.

performance, they are covered by New Jersey's discovery rule, and, in any event, any contractual limitations are unconscionable and unenforceable. As for the contention that Judge Trauger erred, Plaintiff does not address this argument, other than to state that "[t]his Court ruled on this issue over eight months ago, yet nevertheless, despite no new facts or law bearing on the Court's conclusion, Honeywell asks the Court to reconsider." (Docket No. 102 at 2).

The Court need not decide the timeliness question because reconsideration of Judge Trauger's ruling is appropriate in this case. In Jones v. United States, 789 F. Supp.2d 883 (M.D. Tenn. 2011), this Court discussed the factors to be considered in deciding a Motion to Reconsider in a case transferred from another judge:

> The undersigned is not writing on a *tabula rasa*, and proper deference must be given to the decision rendered by [the predecessor judge] since "the law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern,'" unless exceptional circumstances exist, such as where the earlier decision was plainly erroneous. Westside Mothers v. Olszewski, 454 F.3d 532, 548 (6th Cir. 2006). This salutary rule takes on an added layer where a case is transferred to a successor judge because while "a successor judge has the same discretion to reconsider an order as would the first judge," the successor judge "should not overrule the earlier judge's order or judgment merely because the later judge might have decided matters differently." In re Ford Motor Co., 591 F.3d 406, 411 (5th Cir. 2009). "The question of what circumstances justify revisiting a ruling previously made by a judge of coordinate jurisdiction is case specific," but guided by the following principles:
>
> > First, reconsideration is proper if the initial ruling was made on an inadequate record or was designed to be preliminary or tentative. . . . Second, reconsideration may be warranted if there has been a material change in controlling law. . . . Third, reconsideration may be undertaken if newly discovered evidence bears on the question. . . . Lastly, reconsideration may be appropriate to avoid manifest injustice. . . . In that regard, however, neither doubt about the correctness of a predecessor judge's rulings nor a belief that the litigant may be able to make a more convincing argument the second time around will suffice to justify reconsideration. . . . For this purpose, there is a meaningful difference between an arguably erroneous ruling (which does not

4

> justify revisitation by a co-equal successor judge) and an unreasonable
> ruling that paves the way for a manifestly unjust result.
>
> Ellis v. United States, 313 F.3d 636, 647 (1st Cir. 2002) (internal citations collecting
> numerous authorities from various circuits omitted).

Jones, 789 F. Supp.2d at 894.

This Court does not undertake Defendant's request for reconsideration lightly, and has refused to reconsider rulings by predecessor judges in the past. See e.g., id.; Jackson v. Regions Bank, 2012 WL 405495 at *2 (M.D. Tenn. Feb. 8, 2012). Nevertheless, the principles underlying reconsideration of another judge's ruling counsel in favor of reconsidering Judge Trauger's ruling and dismissing Plaintiff's Magnuson-Moss warranty claim. This is because that ruling mistakenly pinned the "which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer" to the end of subparagraph (B), and that reading could "pave[] the way for a manifestly unjust result," Ellis, 313 F.3d at 647, under the facts alleged in this case.

The improper placement of the "basis of the bargain" language is understandable because, in the written version of the United States Code, it appears immediately after a page-break and could be read to be a continuation of subparagraph (B). Indeed, some other courts have incorporated the "basis of the bargain" language into subparagraph (B). See, Borshadt v. Mako Marine Intern., Inc., 2011 WL 2084177 at * 4 (S.D. Fla. May 24, 2011) (making that incorporation, and citing Judge Trauger's opinion for the proposition that subparagraph (A) does not require that the warranty be a "basis of the bargain"); Semitekol v. Monaco Coach Corp., 582 F. Supp. 1009, 1026 (N.D. Ill. 2008) (including "basis of the bargain language in subparagraph (B)); Scaffidi v. United Nissan, 425 F. Supp.2d 1172, 1181 (D. Nev. 2005) (same).

However, Section 2301(6) actually reads:

5

(6) The term "written warranty" means—

(A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or

(B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking,

which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.

15 U.S.C. § 2301(6). That "the basis of the bargain language" refers to both subparagraphs is confirmed by the fact that it relates not only to an "affirmation" or "promise" as set forth in subparagraph (A), but also an "undertaking" as set forth in subparagraph (B). This is also confirmed by the numerous courts that have quoted the "basis of the bargain" language as a separate and independent paragraph following subparagraphs (A) and (B). See, e.g., Voelker v. Porsche Cars North America, Inc., 353 F.3d 516, 525 (7th Cir. 2003); In re Sears, Roebuck & Co. Tools Marketing and Sales, 2012 WL 1015806 at *3 (N.D. Ill. March 22, 2012); Baldwin v Jarrett Bay Yacht Sales, LLC, 683 F. Supp.2d 385, 390 n.5 (E.D.N.C. 2009); Sanchez v. Feretti, Inc., 2008 WL 2517177 at *4 (E.D. Pa. June 20, 2008). Most importantly, Public Law 93-637, which was codified as 15 U.S.C. § 2301, clearly shows that the "basis of the bargain" language is separate, and follows both subparagraphs (A) and (B). MAGNUSON MOSS WARRANTY – FEDERAL TRADE COMMISSION IMPROVEMENT ACT, Pub. L. no. 93-637, 88 Stat. 2183 (1975).

With this reading of the statute, it is clear that Plaintiff's Magnuson-Moss claim fails because he does not claim that he read any warranty before purchasing the air cleaner. Indeed, Judge Trauger

6

discussed the "basis of the bargain" in relation to Plaintiff's express warranty claim, writing:

> Here, the Complaint does not allege that the plaintiff read the owner's guide, or otherwise saw the express warranty, before buying the F50F. Instead, it alleges that the plaintiff "carefully reviewed the manual" after installing the air cleaner. (Docket No. 1 ¶ 14.) By that time, the bargain between the plaintiff and the defendant had already been made. The commercial relationship between the parties was completed, and the warranty could not reasonably be considered a part of their contract.

(Docket No. 41 at 12).

Plaintiff does not challenge Judge Trauger's observations relating to whether a warranty was a part of the bargain, or her reading of the Complaint. Quite the contrary, the First Amended Complaint contains the identical language – quoted by Judge Trauger – in which Plaintiff states that he "installed the unit, and carefully reviewed the manual concerning his new Honeywell F50F." (Docket No. 1 at 3, ¶ 13). Because Plaintiff does not allege that he read or reviewed any written warranty prior to purchasing the air cleaner for his home, his Magnuson-Moss claim will be dismissed.

## II. CONCLUSION

On the basis of the foregoing, Defendant's Motion to Dismiss and to Reconsider will be granted, and Plaintiff's Magnuson-Moss claim will be dismissed. Plaintiff's Motion to Strike (Docket No. 104) will be denied.

An appropriate Order will be entered.

_Kevin H. Sharp_
_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE